

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Mr. C. Burtt Potter
County Attorney
San Patricio County
Sinton, Texas

Dear Mr. Potter:        Opinion No. 0-487
                        Re:  Right of county or road district
                             to use funds accumulated to pay
                             off bonds issued to improve roads,
                             such bonds now being paid 100%
                             from State aid.

In your letter of March 8, addressed to this department,
you have requested an opinion on the following question:

"Can surplus of $35,000, accumulated and lying
idle, be used within the defined road district in
which it was voted, for the construction of addi-
tional lateral roads, even though it be created
through a tax levied to create an interest and
sinking fund for the retirement of the bonds?"

Briefly, the facts as stated in your letter are:
Road Districts No. 1, 3 and 5, of San Patricio County, issued
bonds to improve the roads within such districts, the proceeds
of such issues having been used in the construction of highways
that have been taken over and now constitute a part of the
designated State Highway system, and pursuant to Article
6674q-5 the State has assumed payment of these bonds to the
extent of 100%. Following this assumption there were a few
years in which State participation was only partial, during
which time the county levied a tax for the purpose of paying
its portion of the debt requirement, with the result that there
has accumulated a sum of approximately $35,000 in the sinking
fund created for the retirement of these bonds.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

The terms under which the State has undertaken to pay off bonds voted, the proceeds of which have been spent on designated State highways, by their very nature require that a county or road district continue secondarily liable for the payment of that indebtedness inasmuch as the State has merely assumed the payment thereof. Each biennium the Legislature appropriates from the State Treasury a sum sufficient to meet its proportionate part of the debt so assumed, and while it is an unlikely contingency, it is entirely possible that at some future date the Legislature may fail to appropriate the money for this purpose. Accordingly, it would fall to the lot of the county or road district to provide funds for the purpose of meeting the debt requirements for that year, and in the event a levy had not been made or a sinking fund had not theretofore been created, the county or road district would be in default on the payments due at that time.

In our opinion the money accumulated in the sinking fund by Road Districts 1, 3 and 5, should be held intact for the purpose of meeting such a contingency, and that the county or road district would not be authorized to use this money for any other purpose until all bonds and interest due thereon have been finally retired and discharged. To otherwise use the money than for the purpose for which it was collected would in our opinion constitute a diversion of funds.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By (s)   Clarence E. Crowe
                    Assistant

CEC:S
CEC:FO

APPROVED:
(S) W. F. MOORE
ATTORNEY GENERAL OF TEXAS